UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>       Plaintiff,<br><br>     v.<br><br>**FRANK DAPPAH** and<br>**YATALIE CAPITAL MANAGEMENT,** a/k/a<br>**YATALIE CAPITAL MANAGEMENT CO,**<br>**CREATO FUNDS L.P.,** a/k/a **YATALIE**<br>**CAPITAL, INC.,** a/k/a **CREATO FUNDS, L.P.,**<br>a/k/a **YATALIE CAPITAL MANAGEMENT**<br>**CO.,**<br><br>       Defendants. | Civil Action No:<br>3:13-cv-00546 |

**ORDER GRANTING PERMANENT INJUNCTIONS,
DISGORGEMENT OF ILL-GOTTEN GAINS, ASSET FREEZE,
AND OTHER RELIEF AS TO DEFENDANTS
FRANK DAPPAH AND YATALIE CAPITAL MANAGEMENT**

  The Securities and Exchange Commission (the "Commission") having filed a Complaint, and Defendant Yatalie Capital Management, a sole proprietorship (a/k/a Yatalie Capital Management Co, Creato Funds L.P., a/k/a Yatalie Capital, Inc., a/k/a Creato Funds, L.P., a/k/a Yatalie Capital Management Co. (collectively, "Yatalie")) and Defendant Frank Dappah (collectively, "Defendants") having entered general appearances; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Order without admitting or denying the allegations of the Complaint (except as to jurisdiction);

1

waived findings of fact and conclusions of law; and waived any right to appeal from this Order:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating or aiding and abetting violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating or aiding and abetting violations of Section 203A of the Investment Advisers Act of 1940 (the "Advisers Act") [15

U.S.C. § 80b-3a], by, directly or indirectly, making use of means and instruments of transportation and communication in interstate commerce and of the mails:

    (a)    to register any ineligible entity as an investment adviser with the Commission; or

    (b)    to register any entity as an investment adviser with the Commission if such entity is not otherwise exempt from the provisions of Section 203A of the Advisers Act [15 U.S.C. § 80b-3a].

III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Order are permanently restrained and enjoined from violating or aiding and abetting violations of Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Rule 204-2 thereunder [17 C.F.R. § 275.204-2], by, directly or indirectly, making use of means and instruments of transportation and communication in interstate commerce and of the mails and, as an investment adviser registered or required to be registered under Section 203 of the Advisers Act [15 U.S.C. §80b-3], failing to make and keep true, accurate, and current all books and records relating to its investment advisory business, as required by Rule 204-2 [17 C.F.R. § 275.204-2].

IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Order are permanently restrained and enjoined from violating or aiding and abetting violations of Sections 206(1) and (2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and (2)], by, while acting as an investment

adviser, directly or indirectly, making use of means and instruments of transportation and communication in interstate commerce and of the mails:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Order are permanently restrained and enjoined from violating or aiding and abetting violations of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-1 thereunder [17 C.F.R. § 275.206(4)-1], by, directly or indirectly, making use of means and instruments of transportation and communication in interstate commerce and of the mails:

(a) to, as an investment adviser registered or required to be registered under Section 203 of the Advisers Act [15 U.S.C. § 80b-3], directly or indirectly publish, circulate, or distribute any advertisement which refers, directly or indirectly, to any testimonial of any kind concerning the investment adviser or concerning any advice, analysis, report or other service rendered by such investment adviser; or

(b) to, as an investment adviser registered or required to be registered under Section 203 of the Advisers Act [15 U.S.C. § 80b-3], directly or indirectly publish, circulate, or distribute any advertisement which contains any untrue statement of a material fact or which is otherwise false or misleading.

VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Order are permanently restrained and enjoined from violating or aiding and abetting violations of Section 207 of the Advisers Act [15 U.S.C. § 80b-7], by, directly or indirectly, making use of means and instruments of transportation and communication in interstate commerce and of the mails to willfully make untrue statements of material facts in any registration application or report filed with the Commission under Sections 203 or 204 of the Advisers Act [15 U.S.C. §§ 80b-3, 80b-4], or willfully omitting to state in any such application or report any material fact which is required to be stated therein.

VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants shall jointly and severally pay disgorgement of ill-gotten gains and prejudgment interest thereon, and a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from February 1, 2013, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Order; (c) solely for the

5

purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, pending entry of a Final Judgment in this matter, all assets of or under the control of Defendants are frozen, except as otherwise specified herein. Pending entry of the Final Judgment, Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, be, and hereby are, restrained from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing any assets and property owned by, controlled by, or in the possession of the Defendants.  This Court further enjoins any disbursement by Yatalie, its agents, representatives, employees and officers and all persons acting in concert or participation with it, whatever business names they may operate under, of any proceeds derived from the scheme alleged in the Commission's Complaint.  The freeze shall include but not be limited to those funds located in any bank accounts, brokerage accounts, and any other accounts or property of Defendants.  To the extent that Defendants are in possession of any funds obtained from advisory clients as set forth in the Commission's Complaint, the Commission shall seek a further order of the Court to address the disposition of such funds.  Defendant Dappah may apply to the Court

6

with a signed, sworn statement of financial condition for an amount which the Court may determine may be exempted from the freeze for the purpose of meeting his ordinary and necessary living expenses. Nothing in this order shall prevent Dappah from obtaining employment in the future and any earnings from that employment shall be segregated from any frozen accounts and shall not be subject to this freeze.

IX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants shall not exercise any discretionary authority or power of attorney with respect to securities held in the name of, for the benefit of, or in the interest of any person other than Defendants (any such exercise of discretionary authority or power of attorney with respect to securities held in the name of, for the benefit, of or in the interest of Defendants being subject to the restrictions set forth in Paragraph VIII of this Order). Such prohibition specifically includes, but is not limited to, any actions by Defendants to withdraw, debit, charge, assess or in any way seek to disburse moneys or securities from securities accounts held in the name of, for the benefit of, or in the interest of any person other than Defendants. This Order is not intended to impose any independent limitations on the ability of Defendants' advisory clients to buy, sell, liquidate or withdraw funds from securities accounts held with broker-dealers registered with the Commission, including accounts over which Defendants have grants of discretionary authority or limited powers of attorney.

X.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that pending the entry of a Final Judgment in this action, Defendants, their officers, agents, servants,

employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service, facsimile transmission or otherwise, and each of them, are hereby enjoined from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any Defendants herein including, but not limited to, (a) any document relating to the receipt and disbursal of funds by Defendants, and (b) any document relating to Defendant Yatalie in any way. As used in this Order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) and all written or graphic matter, however produced, and any other tangible record, or electronic data compilation of any sort, including, without limitation, computer disks, computer hard drives, computer diskettes, computer tapes, correspondence, memoranda, notes, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, and letters of agreement, and including any and all existing drafts of all documents.

XI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants prepare and present to the Commission an accounting of all funds received pursuant to the scheme described in the Commission's Complaint and of the disposition and use of those proceeds. This accounting shall include, but not be limited to, (a) the name, address, phone number and e-mail address of each client, (b) the amount initially invested by each client, (c) the total amount in advisory fees deducted from each client for each month, (d) the total amount in advisory fees authorized to have been taken from each client for each month under the client's advisory agreement, (e) the difference between the figures calculated under items (c) and (d), and (f) the current balance of each client account. This accounting shall be served upon the Commission within 30 days from the date of entry of this Order.

XII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Commission may take expedited discovery as follows:

(a) The Commission may take depositions upon oral examination subject to five days' notice prior to expiration of 30 days after service of the Summons and Complaint upon Defendants, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure;

(b) Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, Defendants shall answer all of the Commission's interrogatories within five days of service of such interrogatories;

(c) Pursuant to Rule 34 of the Federal Rules of Civil Procedure, upon request of the Commission, Defendants shall produce all documents within five days of service of such request;

(d) The Commission may serve discovery by facsimile or by any other means provided for within the Federal Rules of Civil Procedure; and

(e) All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered to the Commission at 950 East Paces Ferry Road N.E., Suite 900, Atlanta, Georgia 30326, or such other place as counsel for the Commission may direct, by the most expeditious means available.

XIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

XIV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes.

Signed: November 21, 2013

Robert J. Conrad, Jr.
United States District Judge