## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:13-cv-546-RJC-DSC

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANK DAPPAH and )<br>YATALIE CAPITAL )<br>MANAGEMENT, a/k/a YATALIE )<br>CAPITAL MANAGEMENT CO, )<br>CREOTO FUNDS L.P., a/k/a )<br>YATALIE CAPITAL, INC., a/k/a )<br>CREATO FUNDS, L.P., a/k/a )<br>YATALIE CAPITAL )<br>MANAGEMENT CO., )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and to Impose Disgorgement, Prejudgment Interest, and Civil Penalty ("Motion for Summary Judgment"). (Doc. No. 4).

## I. BACKGROUND

The Securities and Exchange Commission (the "Commission") filed its Complaint against Defendant Yatalie Capital Management, a sole proprietorship (a/k/a Yatalie Capital Management Co, Creato Funds L.P., a/k/a Yatalie Capital, Inc., a/k/a Creato Funds, L.P., a/k/a Yatalie Capital Management Co. (collectively, "Yatalie")) and Defendant Frank Dappah (collectively, "Defendants") on September 27, 2013. (Doc. No. 1). On the same day, the Commission filed an Unopposed Motion for Immediate Entry of Consent Order for Permanent Injunctions, Asset Freeze, and Other Relief. (Doc. No. 2). The Commission's motion included the Consent of

Defendants Frank Dappah and Yatalie Capital Management to Order Permanent Injunctions, Disgorgement of Ill-Gotten Gains, Asset Freeze, and Other Relief (the "Consent"), (Doc No. 2-1), in which Defendants consented to the entry of a permanent injunction and to deferring the determination by the Court of disgorgement, prejudgment interest, and civil penalties to a later date upon motion by the Commission. Defendants agreed that the facts alleged in the Complaint shall be deemed true for the purposes of the Commission's motion. (Id.). Defendants also stipulated that they intentionally took unauthorized fees from Yatalie's clients over an extended period of time, that Yatalie was improperly registered with the Commission as an investment advisor, and that Defendants made false and misleading statements in violation of federal securities laws. (Id.).

On November 21, 2013, the Court granted the Commission's Motion for injunctive relief, (Doc. No. 2), and entered an Order Granting Permanent Injunctions, Disgorgement of Ill-Gotten Gains, Asset Freeze, and Other Relief as to Defendants Frank Dappah and Yatalie Capital Management (the "Order"), (Doc. No. 3). The Order provides, among other things, that Defendants "shall jointly and severally pay disgorgement of ill-gotten gains and prejudgment interest thereon, and a civil penalty" and that the Court "shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission." (Id. at ¶ VII). Therefore, the only remaining matters to be resolved after the entry of the November 21, 2013 Order were the amounts of disgorgement and civil penalty Defendants must pay. (Id.).

The Commission filed a sworn Declaration of Joshua M. Dickman of the Commission staff detailing the calculation of disgorgement and prejudgment interest along with its Motion for Summary Judgment on January 9, 2015. (Doc. Nos. 4, 4-5). On June 3, 2015, the Court entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), granting Defendants

fourteen days to respond to the Motion for Summary Judgment. (Doc. No. 6). Defendants did not respond to the Motion for Summary Judgment and the deadline to do so has passed.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Once this initial burden is met, the burden shifts to the nonmoving party, and it "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (internal citations omitted). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. Id. at 249-50.

## III. DISCUSSION

The Commission's Motion for Summary Judgment is based on: (1) the factual allegations of the Complaint, which Defendants have agreed shall be deemed true for purposes of this case; (2) Defendants Consent; (3) the Court's November 21, 2013 Order; and (4) the sworn Declaration of Joshua M. Dickman. Defendants have agreed to the relief sought by the Commission in its Complaint and the Court has entered an Order based on Defendants' Consent. Pursuant to the Court's November 21, 2013 Order, the Commission has submitted the sworn Declaration of Joshua M. Dickman of the Commission staff detailing the calculation of disgorgement and prejudgment interest. Defendants have stipulated to all material facts in the case and have not responded to or opposed the Commission's Motion for Summary Judgment or the Commission's calculation of disgorgement, prejudgment interest, and civil penalty. The Court has reviewed all the pleadings, exhibits, and evidence provided and finds that there is no genuine dispute as to any material fact and the Commission is entitled to judgment as a matter of law. Therefore, the Court **GRANTS** the Commission's Motion for Summary Judgment, (Doc. No. 4), and enters the following Final Judgment as to Defendants Frank Dappah and Yatalie Capital Management.

## IV. CONCLUSION

The Commission filed a Complaint, and Defendants entered general appearances; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.

1. **IT IS, THEREFORE, ORDERED** that the Commission's Motion for Summary Judgment and to Impose Disgorgement, Prejudgment Interest, and Civil Penalty, (Doc. No. 4), is

**GRANTED**.

2. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating or aiding and abetting violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    a. to employ any device, scheme, or artifice to defraud;

    b. to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    c. to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

3. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating or aiding and abetting violations of Section 203A of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-3a], by, directly or indirectly, making use of means and instruments of transportation and communication in interstate commerce and of the mails:

    a. to register any ineligible entity as an investment adviser with the Commission;

or

b. to register any entity as an investment adviser with the Commission if such entity is not otherwise exempt from the provisions of Section 203A of the Advisers Act [15 U.S.C. § 80b-3a].

4. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment are permanently restrained and enjoined from violating or aiding and abetting violations of Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Rule 204-2 thereunder [17 C.F.R. § 275.204-2], by, directly or indirectly, making use of means and instruments of transportation and communication in interstate commerce and of the mails and, as an investment adviser registered or required to be registered under Section 203 of the Advisers Act [15 U.S.C. §80b-3], failing to make and keep true, accurate, and current all books and records relating to its investment advisory business, as required by Rule 204-2 [17 C.F.R. § 275.204-2].

5. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment are permanently restrained and enjoined from violating or aiding and abetting violations of Sections 206(1) and (2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and (2)], by, while acting as an investment adviser, directly or indirectly, making use of means and instruments of transportation and communication in interstate commerce and of the mails:

a. to employ any device, scheme, or artifice to defraud any client or prospective client; or

  b. to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

6. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment are permanently restrained and enjoined from violating or aiding and abetting violations of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-1 thereunder [17 C.F.R. § 275.206(4)-1], by, directly or indirectly, making use of means and instruments of transportation and communication in interstate commerce and of the mails:

  a. to, as an investment adviser registered or required to be registered under Section 203 of the Advisers Act [15 U.S.C. § 80b-3], directly or indirectly publish, circulate, or distribute any advertisement which refers, directly or indirectly, to any testimonial of any kind concerning the investment adviser or concerning any advice, analysis, report or other service rendered by such investment adviser; or

  b. to, as an investment adviser registered or required to be registered under Section 203 of the Advisers Act [15 U.S.C. § 80b-3], directly or indirectly publish, circulate, or distribute any advertisement which contains any untrue statement of a material fact or which is otherwise false or misleading.

7. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment are permanently restrained and enjoined from violating or aiding and abetting violations of Section 207 of the

Advisers Act [15 U.S.C. § 80b-7], by, directly or indirectly, making use of means and instruments of transportation and communication in interstate commerce and of the mails to willfully make untrue statements of material facts in any registration application or report filed with the Commission under Sections 203 or 204 of the Advisers Act [15 U.S.C. §§ 80b-3, 80b-4], or willfully omitting to state in any such application or report any material fact which is required to be stated therein.

8. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Frank Dappah and Yatalie Capital Management are liable, jointly and severally, for disgorgement of $78,341.63, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $4,636.25, and a civil penalty in the amount of $78,341.63 pursuant to Section 21(d)(3) of the Securities and Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-9(e)]. Defendants shall satisfy this obligation by paying $161,319.51 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Frank Dappah and Yatalie Capital Management as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any

Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against a Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

9. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

10. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant Frank Dappah, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Frank Dappah of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

11. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Signed: August 28, 2015

Robert J. Conrad, Jr.
United States District Judge